

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-3585
Re: Authority of an independent
school depository in handling
rural aid warrants sent to it
under the terms of the "Rural
Aid Appropriation Bill."

This is in answer to your letter, asking for an
opinion, as follows:

"At the request of Mr. D. F. Knox, Super-
intendent of the Koose Independent School Dis-
trict, I am submitting the following question
for your consideration and opinion:

"'Rural Aid Warrants are delivered to de-
pository banks of independent school districts.
Some banks will cash these warrants for three-
fourths of one per cent discount.

"'Question: What can be done when a de-
pository bank will not cash a rural aid warrant
without discounting it five or six per cent, and
will not release said warrant so that it may be
sold to another bank at a lesser discount?'"

The rural aid warrants referred to in your letter
are authorized by House Bill 953, Chapter 10, Acts of the 46th
Legislature, Regular Session, 1939, known as the "Rural Aid
Appropriation Bill." That bill appropriated a large sum of
money to be given to schools that are in need of aid because
of certain conditions, and it contains a comprehensive plan
for the distribution of said money to the proper schools upon
the authorities in charge of said schools making proof that
said schools come within the prescribed requirements. Section
1 of the Act reads in part as follows:

"For the purpose of promoting public school interest and equalizing the educational opportunities afforded by the State to all children of scholastic age within the State, there is hereby appropriated out of the General Revenue Fund Six Million, Eight Hundred Twenty-five Thousand, Eight Hundred and Twenty-seven Dollars ($6,825,827), or so much thereof as may be necessary for the school year ending August 31, 1940, and Six Million, Eight Hundred Twenty-five Thousand, Eight Hundred Twenty-seven Dollars ($6,825,827), or so much thereof as may be necessary for the school year ending August 31, 1941; to be allotted and expended by the State Superintendent of Public Instruction through the Director of Equalization in the State Department of Education and under the supervision and advice of a special Joint Legislative Advisory Committee, * * *."

Section 16 of the Act reads in part as follows:

"Warrants for all money granted under the provisions of this Act shall be transmitted by the State Superintendent of Public Instruction, when the account for same has been audited by the State Auditor, to treasurers of depositories of school districts to which aid is granted and approved in the same manner as warrants for State apportionments are now transmitted. The amount of money granted for each type of aid except high school tuition shall be set up as a separate account by the district receiving same and disbursements from said accounts shall be made only for the specific purpose for which such money was granted. If the money in said fund is used for any purpose other than that for which allocated, then said district shall not be eligible to receive any type of aid for the succeeding year; * * *." (Underscoring ours)

75

According to the oral information you have given us, since receiving your letter, the school district in question is an independent district and has more than one hundred fifty (150) scholastics. Therefore, the depository for said school has been selected under the provisions of Article 2832, Vernon's Annotated Revised Civil Statutes of Texas, which reads in part as follows:

" * * * Said bond shall be payable to the president of the board and his successors in office, conditioned for the faithful discharge of the treasurer's duties and the payment of the funds received by him upon the draft of the president of the school board drawn upon order, duly entered, of the board of trustees. Said bond shall be further conditioned that the treasurer shall safely keep and faithfully disburse all funds coming into his hands as treasurer, and shall faithfully pay over to his successor all balances remaining in his hands. It shall be approved by the school board and the State Department of Education shall be notified of the treasurer by the president of the school board filing a copy of said bond in said department. If the custodian of the funds of any independent school district to which this Article applies has heretofore been designated as a depository, instead of a treasurer, the governing body of such district may continue to use the name depository and this Article shall govern to the same extent as if the name treasurer was used." (Underscoring ours)

As the "Rural Aid Appropriation Bill" provides that a warrant for said money shall be transmitted to the depository, it raises the question as to what is meant by the term "warrant." In 34 Tex. Jur. 636, it says:

"A state, municipal, county, district or school warrant is an instrument, generally in the form of a bill of exchange or order, drawn by an officer upon the person having charge of the public funds, directing him to pay an amount of money specified to the person named, or his

order, or to bearer. In substance warrants are mere promises to pay the amount specified; they are not bonds, nor are they negotiable instruments; they are only prima facie evidence of an indebtedness, serving as a convenient mode of conducting the public business.* * * *

The question now before us is what authority does the depository bank have with reference to these rural aid warrants. We think that authority is determined by Article 2832, V.A.C.S., quoted in part above. A comment on that question in 37 Tex. Jur. 976, says:

"When the school funds have been turned over to and accepted by the depository he becomes liable for their safekeeping, proper disbursement and return insofar as they have not been expended. He must perform the duties and keep the accounts required of him, and he is liable as provided by law for any misapplication or mismanagement. * **"

It is clear under the terms of the "Rural Aid Appropriation Bill" that the warrant must be sent to the depository. The depository acts as such under the conditions of its bond, and the bond is conditioned for "the payment of the funds received by him (the depository) upon the draft of the president of the school board," and it is "further conditioned that the treasurer (the depository) shall safely keep and faithfully disburse all funds coming into his hands as treasurer, and shall faithfully pay over to his successors all balances remaining in his hands." We are unable to find any authority, statutory or otherwise, for the depository to dispose of rural aid warrants. The depository is authorized to pay out the funds received by it upon the proper authorization of the school board, but there is no provision for doing anything with the warrant. They are only "evidences of indebtedness" that must be held by the depository until said warrants are paid by the State.

We have been unable to find any Texas appellate court case dealing with this particular question. We find an analogous situation in the case of state warrants issued

Honorable T. M. Trimble, Page 5

to augment the officers' salary fund in various counties as provided in Section 6a, Article 3912e, Vernon's Annotated Revised Civil Statutes of Texas; and in Attorney General's Opinion No. O-1054 (Conference Opinion No. 3093), dated July 5, 1940, this department held that those warrants could not be sold at a discount by the Commissioners' Court, and in that opinion it was said:

"We fail to find any authority, expressed or implied, authorizing the county to discount its own warrants in payment of county obligation, and without legislative authority it may not discount State warrants in payment of its obligation."

It is our conclusion that the depository bank cannot be required to release the warrant in question as long as it remains the legal depository for the district. It is also our conclusion that the school board does not have authority to discount said warrants, and therefore neither the depository bank nor any other bank or person has authority to purchase said warrant at a discount. Said depository bank, and its successor, only have authority to keep said warrants in their custody until the State pays them the amount of money represented by the warrant, and then the depository must account for all of said money, to-wit, an amount of money equivalent to the face value of the warrant. If it fails to so account for said money in full, it would be liable to the school district on its bond.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Cecil C. Rotsch

Cecil C. Rotsch
Assistant

APPROVED JUN 7, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

CCR:oj


APPROVED OPINION COMMITTEE